**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY N. MOORE, : | |
| : | Civil Action No. 11-3150 (PGS) |
| Petitioner, : | |
| v. : | OPINION |
| STATE OF NEW JERSEY, et al., : | |
| Respondents. : | |

**SHERIDAN, U.S.D.J.**

Jeffrey N. Moore filed a Petition for a Writ of Habeas Corpus challenging an order requiring him to register for life under Megan's Law, N.J. Stat. Ann. §§ 2C:7-1 to 21. For the reasons expressed below, this Court will summarily dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

**I. BACKGROUND**

On June 1, 2011, the Clerk received from Petitioner a Petition for writ of habeas corpus. Petitioner asserts as follows:

> 1. Challenging the legality of the Megan's Law on grounds of 401 NJ Super 392 . . . 58 NJ 98, 107 . . . 3 NJ 235 240-69.
>
> 2. Against the United State's Constitution to impose sentence of a level 1 Megan's Law offence when the act was consensual and all parties agreed and the victim nor her legal guardians did not file any criminal case against the defendant. The victim . . . admittedly lied about her age. She said she was 17 years old at the time.
>
> 3. For petitioner is not challenging the fact or the duration of his confinement, just the legality of the Megan's Law.

      4.  Relief orders State of New Jersey to lift any order of a parole for life registration under Megan's Law.

(Docket Entry #1, p. 1.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson,

> 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . .");  Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A. Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Similarly, 28 U.S.C. § 2241 provides in relevant part:

3

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). To invoke habeas corpus review by a federal court under either of the above statutes, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. See Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where the petitioner is incarcerated at the time the petition was filed). The "in custody" requirement is satisfied where the state has imposed "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 508 (1982) (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)); see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints

on individual liberty"). While collateral consequences, such as the ability to vote, engage in certain businesses, hold public office, or serve as a juror, may avoid mootness of a petition where the petitioner was released after the petition was filed, collateral consequences are not sufficient to satisfy the custody jurisdictional requirement. See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 491-92.

Megan's Laws generally require mandatory registration of certain convicted sex offenders with law enforcement authorities and community notification. See Smith v. Doe, 538 U.S. 84, 89 (2003) (holding that retroactive application of Alaska's Megan's Law does not violate Ex Post Facto Clause because it imposes a non-punitive regulatory regime). The United States Court of Appeals for the Third Circuit described the registration requirement of New Jersey's Megan's Law as follows:

> The registrant must provide the following information to the chief law enforcement officer of the municipality in which he resides: name, social security number, age, race, sex, date of birth, height, weight, hair and eye color, address of legal residence, address of any current temporary legal residence, and date and place of employment. N.J.S.A. 2C:7-4b(1). He must confirm his address every ninety days, notify the municipal law enforcement agency if he moves, and re-register with the law enforcement agency of any new municipality. N.J.S.A. 2C:7-2d to e.
>
> The information provided by the registrant is put into a central registry, open to other law enforcement personnel but not to public inspection. Law enforcement officials then use the data provided to apply a "Risk Assessment Scale," a numerical scoring system, to determine the registrant's "risk of offense" and the tier in which the registrant should be classified. In the case of Tier 1 registrants, notification is given only to law enforcement agents "likely to encounter" the registrant. Tier 2, or "moderate risk," notification is given to law enforcement agents, schools, and community organizations "likely to encounter" the registrant. Tier 3, or "high risk," notification goes to all members of the public "likely to encounter" the registrant. Notifications generally contain a warning

> that the information is confidential and should not be disseminated to others, as well as an admonition that actions taken against the registrant, such as assaults, are illegal.
>
> The prosecutor must provide the registrant with notice of the proposed notification. A pre-notification judicial review process is available for any registrant who wishes to challenge his or her classification.

Paul P. v. Verniero,170 F.3d 396, 399 (3d Cir. 1999) (citations and internal quotation marks omitted).

The threshold question in this case is whether Petitioner satisfies the "in custody" requirement under § 2254(a) and/or 2241(c)(3) with respect to the requirement that he register for life under Megan's Law. Although the Third Circuit has not decided the issue, circuit "courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." Virsnieks v. Smith, 521 F. 3d 707, 718 (7th Cir. 2008); see also Leslie v. Randle, 296 F. 3d 518, (6th Cir. 2002); Henry v. Lungren, 164 F. 3d 1240, 1241-42 (9th Cir. 1999); McNab v. Kok, 170 F. 3d 1246, 1247 (9th Cir. 1999). Similarly, this Court has held that the statutory classification, registration and community notification provisions under New Jersey's Megan's Law are merely collateral consequences of the conviction but do not constitute a severe and immediate restraint on liberty sufficient to satisfy the "in custody" requirement for habeas corpus review. See, e.g., Bango v. Green-Allen, 2011 WL 9500 (D.N.J. Jan. 3, 2011); Coleman v. Arpaio, 2010 WL 1707031 (D.N.J. Apr. 27, 2010); Shakir v. State of New Jersey, 2006 WL 126437 (D.N.J. Jan. 17, 2006). This Court holds that Petitioner is not "in custody" under Megan's Law. Id. Because Petitioner was not "in custody" at the time he filed the Petition, this Court lacks jurisdiction over Petitioner's challenge to Megan's Law and will dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction and denies a certificate of appealability.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

May 3, 2012